**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
DISTRICT OF OREGON
740 UNITED STATES COURTHOUSE
1000 S.W. THIRD AVENUE • PORTLAND, OREGON 97204-2902

**OFFICIAL BUSINESS**

PORTLAND OR 972
24 APR 2024 PM 5 L

FIRST-CLASS
US POSTAGE PITNEY BOWES
ZIP 97204
02 7H
0006179401
$ 000.64⁰
APR 24 2024

APR 26 2024

Michael T. Kleiber
650 Northwest Irving Street
Portland, OR 97209

NIXIE 971 FE 1700 0005/23/24

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

UTF BC: 97204293099 *2304-01311-24-45

972097-10##2530

FILED24 MAY '24 10:22USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL T. KLEIBER,

Plaintiff,

v.

FARID VIRANI,

Defendant.

No. 3:24-cv-00412-HZ

OPINION & ORDER

Michael T. Kleiber
650 NW Irving St
Portland, OR 97209

*Pro se*

HERNÁNDEZ, District Judge:

Pro se Plaintiff Michael T. Kleiber brings this action against Farid Virani. Plaintiff moves to proceed in forma pauperis ("IFP"). ECF 2. Because Plaintiff has no income or assets, the Court grants the motion. However, for the reasons explained below, the Court dismisses the Complaint without prejudice. The Court also declines to appoint counsel.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

(B) the action or appeal–

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous where it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

As the Ninth Circuit has instructed, however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to

amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130-31.

**DISCUSSION**

Plaintiff alleges that Defendant Farid Virani is the CEO of Prime Communications. Compl. 1. Plaintiff states that Defendant's "AT&T store in Shakopee, Minnesota was involved in identity theft." *Id.* at 4. Plaintiff alleges that his identity was stolen. *Id.* He states that Defendant shut the store and "is giving Shakopee MN Police the run around." *Id.* He seeks $2 billion from Defendant and states that he wants Defendant to serve time in federal prison. *Id.* The Complaint contains no other factual allegations about the basis of Plaintiff's claims.

Plaintiff's allegations are insufficient to state a claim against Defendant. He does not explain when the identity theft occurred, how Defendant's store was involved in Plaintiff's identity being stolen, or how Defendant as CEO was responsible. The Court cannot plausibly infer from the Complaint that Defendant was responsible for Plaintiff's identity being stolen. And while Plaintiff seeks $2 billion in damages, he does not explain how he was harmed by the identity theft. Plaintiff also appears to allege that Defendant is failing to cooperate in a criminal investigation of the identity theft. He fails to clarify a cause of action for this claim or explain how Defendant is failing to cooperate. Finally, Plaintiff states that he wants Defendant to serve time in federal prison. Compl. 4. To the extent Plaintiff seeks the prosecution of Defendant, he lacks standing to pursue such relief. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). The Court therefore dismisses Plaintiff's Complaint with leave to amend his claims.

In addition, Plaintiff fails to allege facts showing that venue is proper in Oregon. The Court may raise the issue of venue on its own, as Defendant has not waived the objection to improper venue. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If a plaintiff files a case in the wrong venue, the district court may dismiss the case or, if it is in the interest of justice, transfer it to a district where there is venue. 28 U.S.C. § 1406(a). *See also Ballering v. Dep't of Pro. Licenses*, No. 20-CV-00529-DKW-RT, 2020 WL 7389742, at *2 (D. Haw. Dec. 16, 2020) (dismissing case for improper venue where pro se plaintiff applying to proceed IFP sued a department of the State of Utah in Hawai'i alleging conduct that occurred in Utah).

Plaintiff alleges that Defendant is a citizen of Texas and that the wrongful conduct occurred in Minnesota. It is unclear that there is any basis for venue in Oregon. Plaintiff may be able to allege facts showing that venue is proper in Oregon, so the Court will grant leave to amend the Complaint. If Plaintiff cannot show that venue is proper in Oregon, the Court will dismiss the Complaint without prejudice so that Plaintiff may refile in another jurisdiction. In sum, in amending the Complaint, Plaintiff must allege facts to both state a claim for relief and allege that venue is proper in Oregon.

Plaintiff also moves for appointment of counsel. ECF 3. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). Although the Court has discretion to request volunteer counsel under 28 U.S.C. § 1915, there

must be exceptional circumstances. *Wood v. Houseright*, 900 F.2d 1332, 1335 (9th Cir. 1990); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). To determine whether exceptional circumstances exist, the Court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Wood*, 900 F.2d at 1335-36; *Wilborn*, 789 F.2d at 1331. The Court declines to request volunteer counsel at this time. Plaintiff has not shown exceptional circumstances.

## CONCLUSION

The Court GRANTS Plaintiff's application for leave to proceed IFP [2]. Plaintiff's Complaint [1] is dismissed with leave to amend. Plaintiff may file an amended complaint, curing deficiencies noted above, within 30 days of this Opinion & Order. If Plaintiff does not file an amended complaint, the Court will dismiss this case without prejudice for improper venue. The Court DENIES Plaintiff's Motion for Appointment of Counsel [3].

IT IS SO ORDERED.

DATED: April 21, 2024.

Marco Hernández

MARCO A. HERNÁNDEZ
United States District Judge